UNIVERSAL WINDING CO. v. FOSTER MACH. CO.

(Circuit Court, D. Massachusetts. April 10, 1905.)

No. 1,606.

PATENTS—VALIDITY—COP-WINDING MACHINES.
> The Morse patent, No. 572,309, for a cop-winding machine, claim 2, construed, and *held* void because too broad in its terms, in view of the prior art.

In Equity. Suit for infringement of letters patent No. 572,309, for a winding machine, granted to Alfred B. Morse December 1, 1896. On final hearing.

Dickerson, Brown, Raegener & Binney, for complainant.
Roberts & Mitchell, for defendant.

COLT, Circuit Judge. This case is between the same parties, relates to the same general subject-matter, and was heard at the same time as the preceding case, in which an opinion has been handed down this day.

The present suit is brought upon the Morse patent, No. 572,309, dated December 1, 1896, which has been assigned to the complainant. This patent is for improvements in winding machines of the Wardwell type, which were the subject of consideration in the other case. At the time of the application for this patent the larger

problems in the winding art had already been solved. Nor is there anything which shows that the inventions covered by the numerous claims of the patent have proved highly useful or practical, or have made any special impression on the art. The specification says:

"This invention has for its object to provide an improved machine for winding thread, string, yarns, and the like on to cops, cones, or other equivalent or well-known forms. My invention comprehends a rotatable spindle upon which the quill, cone, or other core which is to receive the yarn or string is mounted to swing about an axis, and a thread-guide also preferably mounted to swing about an axis, and means to move this movable thread-guide in such manner as to cause it to maintain a substantially fixed line of travel relatively to the swinging spindle. My invention comprehends a novel variable tension for the string or yarn, and other features, which, with the foregoing, will be hereinafter fully described, and particularly pointed out in the claims."

From this description it would seem that the main improvement sought to be covered by this patent, as it lay in the inventor's mind, consisted in combining with a swinging spindle a swinging thread-guide; the thread-guide having a swinging movement in order that it may always maintain substantially a fixed line of travel relatively to the swinging spindle. I am not aware that this particular arrangement is found in the prior art, nor has it been pointed out that it possesses any special utility over other organizations. The other improvement which the inventor saw fit specifically to refer to is a novel tension device, while the remaining improvements are summarized in the general term "other features."

The inventions described in the 19 claims of the patent may be summarized as follows: (1) Improved means whereby the thread-guide is kept in fixed relation to the axis of the winding spindle; (2) improvements in mounting a cop-spindle, whereby the always positively rotating spindle may be moved away from the thread-guide; (3) improvements in stop mechanism; (4) improvements in stop motion; (5) improvements in the construction of cop-spindle; (6) improvements in tension devices; (7) improvements in gear device mechanism.

The defendant is charged with the infringement of the second claim:

"In a machine of the class described, a frame, a thread-guide, a winding-spindle moving bodily from said thread-guide during the winding of the thread thereupon, a support for said bodily-movable spindle, and mechanism to positively rotate the said spindle in any of the positions into which it is moved during the winding operation, substantially as described."

This claim is broad in its terms, and includes the following elements: (1) A frame; (2) a thread-guide; (3) a winding-spindle movable bodily from the thread-guide during the winding; (4) a support for the movable spindle; (5) mechanism to rotate positively the spindle in any of the positions into which it is moved. Morse came too late in the development of the winder art to entitle him to the comprehensive invention embraced in this claim. It was old to move the spindle bodily away from the thread-guide during the winding, while at the same time the spindle is positively or axially rotated. In fact, all the elements of the claim, as well

as the combination itself, are found in prior patents. For this reason, Morse is manifestly not entitled to a monopoly of every structure which comes within the broad terms of the claim.

Mechanically speaking, there may be said to be four obvious ways of separating the thread-guide and spindle as the thread mass increases in size during the winding operation: (1) The thread-guide may slide away from the spindle; (2) the thread-guide may swing away from the spindle; (3) the spindle may slide away from the thread-guide; (4) the spindle may swing away from the thread-guide. All these methods are illustrated in the prior art. The defendant's machine has a sliding spindle, and a thread-guide adapted to slide in fixed bearings. It does not contain either the swinging spindle or the swinging thread-guide, which are the peculiar features of the Morse patent. Yet notwithstanding this difference, the defendant's machine is clearly within the language of claim 2 of the patent. This case affords an apt example of the comprehensiveness of this claim, which could only be held valid on the theory that it covered a highly novel and meritorious invention, and solved for the first time an important problem in the winding art.

For these reasons, I must hold claim 2 of the Morse patent invalid because of its breadth.

A decree may be drawn dismissing the bill.